IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAN NELSON CROTTS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-1447 |
| § | |
| FREEDOM MORTGAGE § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Defendant Freedom Mortgage Corporation ("Freedom" or "Defendant") files this its Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

## SUMMARY

1. Alan Nelson Crotts ("Plaintiff") filed this action on April 19, 2022, in the 458th Judicial District Court of Fort Bend County, Texas, as cause number 22-DCV-29287 in the matter styled *Alan Nelson Crotts v. Freedom Mortgage Corporation* (the "State Court Action"). Pursuant to sections 1441 and 1446 of Title 28 of the United States Code, defendant Freedom removes this case to the United States District Court for the Southern District of Texas, Houston Division, the Judicial District and Division in which this action is pending.

2. The allegations in *Plaintiff's Original Petition for Lawsuit and Application for Temporary Restraining Order and Injunctive Relief* ("Petition") relate to the servicing of a loan agreement and title to the real property commonly known 6431 Box Bluff Court, Sugar Land, TX 77479 ("Property"). (*See* Petition at p.3.) In his Petition, Plaintiff alleges that Freedom breached the loan agreement through alleged violation of the Texas Debt Collections Act, Texas

Business and Commerce Code, Texas Property Code, Breach of Duty to Deal in Good Faith. (*Id.* at p.1) Plaintiff also seeks a declaratory judgment. (*Id.*)

3. Plaintiff alleges that Defendant has violated the Texas Property Code by not giving "proper notice because all transfers of the lien were not recorded timely" and that he has "reason to believe" that the Defendant is not the "Holder in Due Course and Holder of the Original Note." (*Id.* at p.5)

4. Plaintiff alleges that Defendant has violated the Texas Business and Commerce Code by failing to "produce the Original Note" and have therefore "not shown that they are the 'Holder' of the Note or 'Holder in Due Course'…." (*Id.*)

5. Plaintiff alleges that Defendant has violated the Texas Finance Code because of Defendant's "failure to verify that they are the Holder in Due Court and Holder of the Note…." (*Id.* at p.6)

6. Plaintiff alleges that Defendant breached a duty to deal in good faith by "refusing to open communications with the Plaintiff via e-mail" and this refusal is one in which "no reasonable person or entity would engage."

7. Plaintiff is also seeking a declaratory judgment that "any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et. Seq. is an action to collect a debt" and therefore requires the Defendant to produce the original Promissory Note. (*Id.* at pp.7-8)

8. Based on these allegations, Plaintiff seeks injunctive relief preventing foreclosure, economic damages, compensatory damages in the amount of $1,000,000 for emotional distress, that Freedom be ordered to produce the original promissory note for Plaintiff's inspection, a declaration that Freedom's action under Texas Property Code, Section 51.001 et. Seq. is an

action to collect a debt, $9,000,000 in exemplary/punitive damages, reasonable fees, and costs of the court. (*Id.* at pp. 9-11.)

9. A copy of the Docket Sheet from the State Court Action is attached as Exhibit A. Copies of all pleadings filed in the State Court Action are attached as Exhibit B.

10. This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b) because this notice is being filed prior to completion of service or within thirty (30) days of service. 28 U.S.C. § 1446(b)(2).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

11. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the properly joined parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

### A. There is complete diversity between Plaintiff and Freedom.

12. Plaintiff is a citizen of Texas. (*See* Petition.)

13. Defendant Freedom is a New Jersey corporation with its principal place of business in New Jersey. As such, Plaintiff is a citizen of New Jersey for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

### B. The amount in controversy exceeds $75,000.00.

14. The amount in controversy exceeds the sum or value of $75,000.00. Plaintiff is seeking injunctive relief, economic damages, compensatory damages in the amount of $1,000,000 for emotional distress, that Freedom be ordered to produce the original promissory note for Plaintiff's inspection, a declaration that Freedom's action under Texas Property Code, Section 51.001 et. Seq. is an action to collect a debt, $9,000,000 in exemplary/punitive damages, reasonable fees, and costs of the court. (*See* Petition at pp. 9-11)

15. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

16. As set forth above, Plaintiff seeks injunctive relief preventing foreclosure on the Property. (*See* Petition at pp. 9-11) In doing so, Plaintiff has put at issue the entire value of the Property. The Fort Bend County Central Appraisal District values the property at $337,160.00. (Exhibits C and C-1) If Plaintiff is granted the injunctive relief requested, Freedom will lose the ability to enforce its lien interest in the Property. Accordingly, the relief Plaintiff seeks places at issue the value of the Property, which is well in excess of $75,000.00.

17. Defendant denies that Plaintiff is entitled to any relief, but there can be no question that Plaintiff's Petition, which seeks injunctive relief that will strip Defendant of an ability to foreclose on the Property and requests for over $10,000,000 in damages, puts in excess of $75,000.00 in controversy.

## **VENUE**

18. Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 458th Judicial District Court of Fort Bend County, Texas, the forum in which the removed action was pending.

## **NOTICE**

19. Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 458th Judicial District Court of Fort Bend County, Texas.

                                                    Respectfully submitted,

                                                    */s/ Bradley Conway*
                                                    **Bradley Conway**
                                                    Texas Bar No. 24055340
                                                    S.D. Tex. Bar No. 1487538
                                                    bconway@mgs-legal.com
                                                    **MILLER, GEORGE & SUGGS, PLLC**
                                                     5601 Democracy Drive, Suite 265
                                                    Plano, Texas 75024
                                                    Phone: (972) 532-0128
                                                    Fax: (214) 291-5507

                                                   *Attorney for Defendant Freedom Mortgage Corporation*

## LIST OF ALL KNOWN COUNSEL OF RECORD

For Defendant Freedom Mortgage Corporation:

Bradley Conway
Texas Bar No. 24055340
S.D. Tex. Bar No. 1487538
MILLER, GEORGE & SUGGS, PLLC
5601 Democracy Drive, Suite 265
Plano, Texas 75024
Phone: (972) 532-0128
Fax: (214) 291-5507

## **INDEX OF DOCUMENTS ATTACHED**

Exhibit A     Copy of the Docket Sheet for Cause No. 22-DCV-292787, in the 458th District Court of Fort Bend County, Texas;

Exhibit B     Pleadings in Cause No. Cause No. 22-DCV-292787, in the 458th District Court of Fort Bend County, Texas;

     B-1     Plaintiff's Original Petition dated 04/19/2022;

     B-2     Request for Copy of Petition dated 04/19/2022;

     B-3     Request for Process of TRO dated 04/20/2022;

     B-4     Request for Process of Citation dated 04/20/2022;

     B-5     Notice to the Court dated 04/20/2022;

     B-6     Temporary Restraining Order entered 04/22/2022;

     B-7     Notice of Issuance of Citation dated 04/25/2022;

     B-8     Citations Issued to Freedom Mortgage on 04/25/2022;

     B-9     Show Cause Mailing Issuance dated 04/26/2022;

     B-10     Request for Copy of TRO dated 04/27/2022;

     B-11     Notice of Copy of TRO dated 04/28/2022.

Exhibit C     Declaration of Bradley Conway

     C-1     Copy of the Fort Bend County CAD Property Search Results for the property located at 6431 Box Bluff Ct, Sugarland, TX 77479.

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 5th day of May 2022 a true and correct copy of the foregoing was served on the following parties in accordance with the Texas Rules of Civil Procedure:

*VIA FIRST CLASS MAIL:*

Alan N. Crotts
6431 Box Bluff Court
Sugar Land, TX 77479
*Pro Se Plaintiff*

               */s/ Bradley Conway*
               **BRADLEY CONWAY**